IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY M. SHANER, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5209 |
| | : | |
| WARDEN SEAN MARLER, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

PADOVA, J.                                                                                          JANUARY 14 , 2020

This matter comes before the Court by way of a Complaint (ECF No. 1), brought by Plaintiff Harvey M. Shaner, Jr., a prisoner at the Federal Detention Center ("FDC") in Philadelphia, who is proceeding *pro se*.[1] The Complaint raises claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), for deliberate indifference to Shaner's serious medical needs. Also before the Court is Shaner's Motion for Leave to Proceed *In Forma Pauperis* and Prisoner Trust Fund Account Statement (ECF Nos. 5 & 6). Because it appears that Shaner is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss Shaner's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a

---

[1] In a prior Order filed on January 3, 2020 (ECF No. 4), the Court dismissed this case without prejudice for failure to prosecute after Shaner missed the deadline imposed by the Court for either submitting a motion to proceed *in forma pauperis* with a copy of his certified inmate account statement or paying the fees to commence this action. Four days later, the Court received Shaner's Motion to Proceed *In Forma Pauperis* and his Prison Account Statement. Considering the stated preference of the United States Court of Appeals for Third Circuit for disposing of matters on their merits rather than technicalities, *see Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984), it appearing that Shaner intends to prosecute this case, and as the defendants will not be prejudiced by the reopening of this case, the prior Order will be vacated.

claim. Shaner will be permitted to file an amended complaint in the event he can cure the defects in his Complaint.

## I. FACTUAL ALLEGATIONS

Shaner named as Defendants Warden Sean Marler, Deputy Warden D. Knox, Dr. Raeph Laughingwell, and Nurse Christine Nelson, all of whom are employed at the FDC. The Complaint indicates that Shaner has been diagnosed with cancer. He alleges that, between July 16, 2019 and October 29, 2019 "the medical staff refused to treat [his] condition, even after [he] had 2 mini strokes." (Compl. ECF No. 1 at 5.) As a result, Shaner claims that his "cancer spread and tumor grew." (*Id.*) As relief, Shaner asks "to get the [unspecified] operations needed" and for $5 million in damages. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Shaner leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Shaner is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] However, as Shaner is a prisoner, he will be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b).

## III. DISCUSSION

Unlike its passage of 42 U.S.C. § 1983, which provides a cause of action where a state actor violated a plaintiff's civil rights, Congress did not create "a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). Following *Bivens*, the Supreme Court recognized an implied cause of action where prison officials are deliberately indifferent to a prisoner's serious medical needs. *See Carlson v. Green*, 446 U.S. 14, 17-18 (1980). Here, Shaner invokes *Bivens* based on the Defendants' alleged deliberate indifference to his serious medical needs.[3] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or

---

[3] The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fifth Amendment governs claims brought by pretrial detainees in federal custody. *See Bistrian v. Levi*, 912 F.3d 79, 91 (3d Cir. 2018); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Here, Shaner alleges that he was a convicted and sentenced inmate at the time of the relevant events, so the Eighth Amendment applies. (Compl. ECF No. 1 at 4.)

3

recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Additionally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal,* 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Here, Shaner has failed to allege any facts connecting the named Defendants to the delay in cancer treatment constituting the factual basis for his claims. He has not alleged facts

4

establishing that each of the Defendants were aware of his condition and delayed treatment knowing it would cause harm. He also has failed to allege facts describing the symptoms with which he presented or provide detail on when and how he was diagnosed. Shaner also has not explained how the Warden and Deputy Warden, who are not doctors and who are high-level supervisory officials, could be held responsible for any delay in medical care. In sum, Shaner has not stated a plausible claim against any of the Defendants because he has not alleged facts showing that they acted with deliberate indifference to his serious medical needs.

IV. CONCLUSION

For the foregoing reasons, the Court will grant Shaner leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim. Shaner will be given leave to file an amended complaint in the event he can state a plausible basis for a claim against an appropriate defendant.[4] An Order follows that provides further instruction regarding amendment.

**BY THE COURT:**

\_\_\_/s/ John R. Padova\_\_\_\_\_
**JOHN R. PADOVA, J.**

---

[4] To the extent Shaner raised claims against the Defendants in their official capacities, those claims are dismissed with prejudice because they are essentially claims against the United States that are barred by sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).