IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARVEY M. SHANER, JR.,** : |
|     **Plaintiff,** : |
| : |
| **v.** : | **CIVIL ACTION NO. 19-CV-5209** |
| : |
| **WARDEN SEAN MARLER,** *et al.*, : |
|     **Defendants.** : |

## ORDER

AND NOW, this 14th day of January, 2020, upon consideration of Plaintiff Harvey M. Shaner, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 5), his Prisoner Trust Fund Account Statement (ECF No. 6), and his *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. The Court's January 3, 2020 Order dismissing this case for failure to prosecute (ECF No. 4) is **VACATED.**

2. The Clerk of Court shall **REOPEN** this case.

3. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

4. Harvey M. Shaner, #75593-066, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Federal Detention Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Shaner's inmate account; or (b) the average monthly balance in Shaner's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Shaner's inmate trust fund account exceeds $10.00, the Warden or other appropriate official

shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Shaner's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

     5.     The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Federal Detention Center.

     6.     The Complaint is **DEEMED** filed.

     7.     Shaner's claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.  Shaner may not reassert these claims in an amended complaint.

     8.     Shaner's claims against the Defendants in their individual capacities are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.  Shaner may amend those claims in accordance with paragraph nine (9) of this Order.

     9.     Shaner may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Shaner's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Shaner should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. The Clerk of Court is **DIRECTED** to send Shaner a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Shaner may use this form to file his amended complaint if he chooses to do so.

11. If Shaner fails to file an amended complaint in accordance with this Order, his case may be dismissed without further notice for failure to prosecute.

**BY THE COURT:**

**/s/ John R. Padova**
**JOHN R. PADOVA, J.**